**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LISA BITANNY,

    Plaintiff,

vs.                                                                            CASE NO. 3:12-cv-565-J-TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.[1]

_____

## ORDER AND OPINION

This case is before the Court on Plaintiff's complaint (Doc. #1). Plaintiff seeks review of the final decision of the Commissioner of Social Security that denied Plaintiff's claim for disability insurance benefits (DIB) *Id.* This Court has authority to conduct the requested review. 42 U.S.C. § 405(g).

Plaintiff filed a legal brief in opposition to the Commissioner's decision (Doc. #20, Plaintiff's Brief). Defendant filed a brief in support of the decision to deny disability benefits (Doc. #21, Defendant's Brief). The Commissioner has filed the transcript of the underlying administrative record and evidence (hereinafter referred to as "Tr." followed by the appropriate page number). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated June 21, 2012 (Doc. #11).

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

The Court has reviewed the record and has given it due consideration in its entirety, including the arguments presented by the parties in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the Court found the issue raised by Plaintiff was fully briefed and concluded oral argument would not benefit the Court in making its determinations. Accordingly, the matter has been decided on the written record. For the reasons set out herein, the Commissioner's decision is **AFFIRMED**.

## I. Procedural History

Plaintiff, Lisa Bitanny, filed for DIB on April 28, 2009, alleging disability as of July 27, 2006 (Tr. 139–46, 163). Her initial application was denied, as was her request for reconsideration (Tr. 88–90, 94–95). Plaintiff timely requested a hearing, which was held on January 27, 2011, in Jacksonville, Florida, before Administrative Law Judge (ALJ) Brendan Flanagan (Tr. 40–82). Plaintiff appeared and testified at the hearing, as did vocational expert (VE) Robert Strader (Tr. 40). Plaintiff was represented throughout the hearing by Tatsha Edwards (Tr. 40).[2] On February 24, 2011, the ALJ issued an unfavorable decision (Tr. 25–35). Plaintiff requested review of the decision by the Appeals Council (AC); however, the AC denied her request, making the hearing decision the final decision of the Commissioner (Tr. 7–18). Plaintiff's current counsel of record, Michael Steinberg, Esq., filed the instant complaint on May 10, 2012 (Doc. #1).

---

[2]It is unclear in the record whether Ms. Edwards represented Plaintiff as an attorney or as a lay representative (*see* Tr. 40, concerning Ms. Edward's presence at the administrative hearing; *but see* Tr. 25, the ALJ's decision that describes Ms. Edwards as a non-attorney).

## II.  Standard of Review and The ALJ Decision

A plaintiff is entitled to disability benefits under the Social Security Act only if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.  42 U.S.C. § 1382c (a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520(a)(4)(i-v)[3]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through step four, while at step five the burden shifts temporarily to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

The ALJ's decision dated February 24, 2011, denied Plaintiff's claim (Tr. 35).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 27). ALJ Flanagan found Plaintiff's date last insured for DIB to be December 31, 2010 (Tr. 27).  At step two, the ALJ found Plaintiff had the severe impairments of mild degenerative disc disease of the lumbar spine, remote ankle fracture, and anxiety/depression (Tr. 27). At step three, the ALJ found these impairments did not meet or equal, either singly or in combination with, any other impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 27). The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours total in an eight-hour workday; and sit six hours total in an eight-hour workday with unlimited push/pull capability. The claimant can

---

[3] Unless otherwise specified, all references to 20 C.F.R. will be to the 2012 edition.

> frequently climb ramps or stairs, kneel, crouch, or crawl; and occasionally climb ladders/ropes/scaffolds and stoop. The claimant must avoid extreme cold, wetness, humidity, vibration, and hazards. The claimant can understand, remember, and carry out simple, routine, repetitive tasks and can concentrate and persist for two-hour segments.

(Tr. 29). At step 4, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 33). At step five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, considering her age, education, work experience and RFC (Tr. 34). As such, the ALJ held Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 35).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is comprised of relevant evidence that a reasonable person would accept as adequate to support a conclusion. *Foote*, 67 F.3d at 1560; *Moore*, 405 F.3d at 1211.

When the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court

must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court does not re-weigh the evidence, but determines whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that Plaintiff is not disabled under the Social Security Act. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

In all Social Security disability cases, the plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.1512(c).

### III. Statement of the Facts

Plaintiff was born on February 20, 1970 and is now a forty-three year old female (Tr. 140). Plaintiff received her GED and has some vocational schooling (Tr. 49). Plaintiff has

past relevant work in customer service and assistant management (Tr. 168). For purposes of her Title II disability claim, Plaintiff was last insured for benefits through December 31, 2010 (Tr. 25).

Plaintiff first visited Dr. Nathan Perry, M.D., on November 27, 2006. From then on, Dr. Perry became Plaintiff's treating physician and prescribed medication for pain management, anxiety and depression (Tr. 287–302, 379–91).[4] In a letter dated March 31, 2009, Dr. Perry diagnosed Plaintiff with acute lumbago, degenerative disc disease with chronic pain, depression, and anxiety (Tr. 285). Due to those conditions, Dr. Perry found Plaintiff to be "totally disabled and unable to work" (Tr. 285).

In addition to her treating physician, Plaintiff was evaluated by two other doctors, and her medical records were reviewed by a single decision maker (SDM) and a medical consultant. On September 1, 2009, Dr. Lily Rocha, M.D., conducted an examination on Plaintiff that included a range of motion assessment and an observation of Plaintiff's ability to walk (Tr. 305–10). On September 3, 2009, Dr. Peter Knox, M.Ed., Psy.D., conducted a clinical evaluation and mental status exam (Tr. 311–17). Plaintiff then received a MRI scan on December 28, 2009 (Tr. 349–52). A SDM conducted a review of Plaintiff's file on October 8, 2009 (Tr. 332–39). The SDM assessed Plaintiff's physical capabilities to be significantly greater than Dr. Perry's opinions. Specifically, the SDM assessed Plaintiff to have the capacity to occasionally lift 20 pounds, frequently lift 10 pounds, stand and/or walk for a total of about 6 hours in an eight-hour workday, sit for a total of six hours in an eight-hour workday (Tr. 332–39). On March 1, 2010, Dr. Sharmishtha Desai, M.D., a

---

[4]Dr. Perry treated Plaintiff for other medical conditions. However, those conditions are irrelevant to the Court's Order and Opinion.

6

medical consultant, reviewed Plaintiff's file and issued a similar assessment to that of the SDM (Tr. 353–60). On January 20, 2011, Dr. Perry completed a questionnaire that reiterated in greater detail his March 31, 2009 diagnosis (Tr. 392–399).

An administrative hearing took place on January 27, 2011 (Tr. 40). At the hearing, the ALJ heard testimony from Plaintiff and the VE. Plaintiff testified that her back pain is on average a "5 or 6" on a scale of 1 to 10 with 10 being extreme pain necessitating an immediate emergency room visit (Tr. 73). Additionally, Plaintiff testified she could lift 50 pounds and could frequently lift 10-15 pounds (Tr. 75). The ALJ posed a hypothetical question to the VE, which specified an individual with Plaintiff's education and RFC (Tr. 80). The VE testified that the hypothetical person would be unable to perform the demands of her past relevant work as a customer service clerk or assistant manager, but that there were jobs in the light range of employment that the hypothetical person could do in a regional or national economy (Tr. 80–81). The ALJ found Plaintiff was not disabled within the meaning of the Social Security Act (Tr. 35).

## IV. Analysis

Plaintiff raises a single issue on appeal. She argues that the ALJ failed to properly evaluate the medical opinion evidence from Dr. Perry, Plaintiff's treating physician. Plaintiff's Brief at 5–7. Specifically, Plaintiff argues that the ALJ' decision "fail[ed] to discuss the reasons for the weight given to the treating source's medical opinion . . ." and that "the ALJ decision was tainted by" his consideration of the SDM's opinion. *Id.* at 5, 7.

Defendant argues that "[t]he opinion of a physician, even a treating physician, may be discounted when the opinion is . . . inconsistent with the record as a whole."

Defendant's Brief at 5.  Defendant contends that Dr. Perry's own treatment records and additional medical records do not document the "physical limitations [Dr. Perry] assessed." *Id.* at 6. Lastly, Defendant argues that the ALJ's consideration of the SDM opinion was a "harmless error." *Id.* at p. 8.

Upon review and consideration of the ALJ's decision and the record evidence, the Court finds no error on the issue of the weight the ALJ afforded to the treating physician's opinion and a harmless error in the ALJ's consideration of the SDM's assessment.

The case law and the Regulations require the ALJ to give substantial weight to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d at 583; 20 C.F.R. § 404.1527(d).  The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records; (2) the treating physician's opinion was not bolstered by the evidence; or, (3) the evidence supported a contrary finding. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d at 1440).

Here, the ALJ gave Dr. Perry's opinions "very little weight" and had good cause to do so. (Tr. 32). Dr. Perry's records are inconsistent with the medical opinions to which Plaintiff points as evidence of her disability, Plaintiff's testimony and statements do not bolster Dr. Perry's medical opinions, and the opinions of evaluating doctors support a contrary medical diagnosis. Additionally, the ALJ's assignment of "some weight" to the "State agency assessments," which includes the SDM's opinion, does not warrant remand.

1. **Dr. Perry's own records are conclusory and inconsistent with the medical opinions to which Plaintiff points as evidence of her disability.**

In a letter dated March 31, 2009, Dr. Perry concluded that Plaintiff "suffer[s] from severe, acute lumbago and DJD (degenerative disc disease) with chronic pain. She also suffers from depression and anxiety disorder. Due to these maladies, [Ms. Bitanny] is at present totally disabled and unable to work" (Tr. 285). Dr. Perry reiterated this diagnosis in a questionnaire dated January 20, 2011 (Tr. 392–99). However, when the questionnaire prompted Dr. Perry to "[i]dentify the laboratory and diagnostic test results which demonstrate and/or which support your diagnosis[,]" Dr. Perry did not provide any objective results (Tr. 393). In fact, a MRI taken on December 28, 2009, only a few months after Dr. Perry's letter, indicated only a mildly protruding disc consistent with an annular tear and no presence of stenosis (Tr. 349). Dr. Perry's opinion on the severity of Plaintiff's lower-back ailments is conclusory in nature as it is not supported by objective testing and is inconsistent with the December 2009 MRI.[5]

2. **Plaintiff's testimony and statements do not bolster Dr. Perry's medical opinions**.

The ALJ noted that "Dr. Perry's restrictions are even greater than those limitations self-reported by the claimant, notably in her ability to lift, reach, and handle objects" (Tr. 32). Specifically, Dr. Perry assessed Plaintiff's capabilities as being unable to lift or carry items over 10 pounds, occasionally able to lift or carry items under 10 pounds, and moderately limited when grabbing, turning, and/or twisting objects (Tr. 395). Yet, Plaintiff testified that she could lift 50 pounds, frequently could lift 10–15 pounds, and was able to

---

[5]Plaintiff has not raised, and the Court declines to address, any issue related to Plaintiff's claims of anxiety and depression.

tie her shoes and retrieve a glass from the cupboard (Tr. 75–77). Additionally, Plaintiff testified that her back pain is on average a "5 or 6" on a scale of 1 to 10 with, 10 being extreme pain necessitating an immediate emergency room visit. (Tr. 73). Conversely, Dr. Perry categorized Plaintiff's pain as a 9 on a scale of 1 to 10 with 9-10 being severe. (Tr. 394).

In addition to Plaintiff's testimony, her self-reported limitation of 50 pounds surfaced during her evaluation on September 3, 2009 with Dr. Knox. During the evaluation, Dr. Knox noted, "Ms. Bitanny stated that she could lift and carry with her reported limitations of 'fifty pounds and I move some weight around [*sic*] they are *heavy* but I did it with two hands'" (Tr. 315, *emphasis added*).

3. **The opinions of evaluating doctors support a contrary medical diagnosis.**

Plaintiff was evaluated by Dr. Rocha on September 2009 (Tr. 306–10). Aside from slight pain in heel-to-toe walking, Dr. Rocha reported Plaintiff to have normal physical functions (Tr. 306–10). Specifically, Dr. Rocha observed Plaintiff walk 30 feet without the need for assistance, found no paravertebral muscle spasms, noted her range of motion in the lumbar spine was within normal limits, and found straight leg raises were possible to the full degree bilaterally when seated or in supine positions (Tr. 307).

On March 1, 2010, Dr. Sharmishtha Desai reviewed the record and issued a physical assessment of Plaintiff (Tr. 353–60). Dr. Desai stated that Plaintiff could occasionally lift/carry 20 pounds, frequently lift/carry 10 pounds, stand and/or walk for a total of 6 hours in an eight-hour workday, and sit for a total of 6 hours in an eight-hour workday (Tr. 354). Dr. Desai based her physical assessment, in part, on Plaintiff's own

statements to Dr. Knox, in which Plaintiff stated she could lift up to 50 pounds (Tr. 355). Additionally, Dr. Desai noted that Plaintiff experienced "excellent recovery" from her tibia and knee injury and Plaintiff's psychogenic symptoms were managed with medication (Tr. 355).

    4. **<u>The ALJ's decision to grant the SDM's opinion weight does not warrant remand.</u>**

Plaintiff fails to provide this Court with any case law or authority to support her sweeping assertion that the ALJ's decision to grant the SDM's opinion some weight "warrant[s] a remand." Plaintiff's Brief at 7. Moreover, Plaintiff has not explained to what extent, if any, nullification of the SDM's opinion would alter the ALJ's findings. The SDM's opinion, which was generated from a records review on October 8, 2009 (Tr. 332-39), is very much in accord with the later records review by Dr. Desai on March 1, 2010 (Tr. 353-60). ALJ Flanagan refers to both of these opinions in the generic as "State agency assessments" to which "some weight" was given (Tr. 32). No principle of administrative law or common sense requires remand in quest of a perfect opinion unless there is reason to believe the remand might lead to a different result. *Fisher v. Brown*, 869 F.2d 1055, 1057 (7th Cir. 1989). Moreover, while an error by the ALJ may necessitate a remand, a remand is not essential if it will amount to no more than an empty exercise. *Ward v. Comm'r of Soc. Sec. Admin.*, 211 F.3d 652, 656 (1st Cir. 2000). Here, remand would amount to an empty exercise for a quest of the perfect opinion that will not lead to a different result as the SDM's assessment is supported by Dr. Desai's review.

**CONCLUSION**

Upon review of the ALJ's decision and the underlying record, the Court finds substantial evidence supports the ALJ's factual findings which were made in accordance with the applicable law and Regulations. For the reasons stated herein, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of August, 2013.

Copies to all counsel of record
   and *pro se* parties, if any

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge